**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:46 AM July 13, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| MARTIN L. MYERS, | ) CASE NO. 11-61426 |
| | ) |
| Debtor. | ) ADV. NO. 11-6092 |
| _____ | ) |
| MD ACQUISITION, LLC, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| MARTIN L. MYERS, | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

On June 5, 2012, Plaintiff moved to stay this adversary proceeding pending the outcome in a separate adversary proceeding against Debtor, a § 727 action styled DeGirolamo v. Myers (In re Myers), Case No. 11-61426, Adv. No. 12-6042 (filed June 1, 2012). Plaintiff relies on 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9006(b). Debtor opposes the stay. Neither party requested a hearing.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 7 petition on April 29, 2011. His filing followed entry of judgments, now on appeal, in favor of Plaintiff in state court litigation. On December 15, 2011, Plaintiff filed this § 523 adversary proceeding objecting to the discharge of its debt. The parties were engaged in the first phase of discovery at the time the present motion was filed.

On June 1, 2012, in the midst of the parties' initial discovery period, the chapter 7 trustee ("Trustee") commenced a § 727 action against Debtor. Debtor filed an answer to the complaint and the initial pretrial is scheduled for July 25, 2012.

## DISCUSSION

Plaintiff seeks a stay of this adversary proceeding pending the outcome of Trustee's § 727 action under § 105 and Rule 9006(b). Plaintiff correctly contends that if Trustee is successful, this adversary will be moot. Plaintiff posits that staying this proceeding will conserve resources for everyone involved but does not provide any authority or outline any standards for granting the requested relief.

Debtor strongly opposes a stay. He argues that deadline extensions were provided to Plaintiff and Trustee, already lengthening his bankruptcy case. According to Debtor, Plaintiff knew a § 727 by Trustee was likely. He points out that it is not clear when Trustee's action will conclude, so there is no end in sight for him if this proceeding is stayed, which impinges on his fresh start.

Decades ago, the Supreme Court opined on a court's power to stay one proceeding in favor of prosecution of a separate proceeding, stating

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for other litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Kansas City Southern R. Co. v. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684; Enelow v. New York Life Ins. Co., 293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a

2

> litigant in one cause be compelled to stand aside while a litigant in
> another settles the rule of law that will define the rights of both.

Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) (citations omitted). Under Landis, the burden is on Plaintiff, as movant, to demonstrate that the prejudice to it outweighs the harm to Debtor. Additional considerations may include "the interests of good case management and the public interest in determining whether a stay of an action should issue." U.S. Bank Nat'l Ass'n v. Perlmutter (In re South Side House, LLC), 470 B.R. 659, 685 (Bankr. E.D.N.Y. 2012).

Reviewing the competing interests of the parties, the court concludes Debtor must prevail. Plaintiff cites a single factor, economy, in support of the stay. If Trustee succeeds, a stay would result in economic benefits to all parties, and the court, because prosecution of this adversary would be unnecessary. However, that single factor also cuts against Plaintiff. If Trustee is not successful, there is no benefit to any of the parties. The potential delay with the possibility of no resulting benefit is prejudicial to Debtor.

When this case was filed, the deadline to determine dischargeability was initially set for August 15, 2011. The court approved various extensions, resulting in a six month extension in favor of Plaintiff and over nine months for Trustee. Debtor cites a case from the Bankruptcy Appellate Panel for the Ninth Circuit in support of the proposition that delays which hinder a debtor's fresh start may be prejudicial. Merena v. Merena (In re Merena), 2009 WL 4914650 (B.A.P. 9th Cir. 2009) (unpublished). Although that case is not squarely on point, the court accepts the proposition. Until these adversaries are resolved, Debtor's discharge, and fresh start, are captive.

The importance of a resolution in this adversary cannot be understated. Plaintiff is potentially the largest creditor in this case. The parties have been engaged in litigation for years. It is not clear how the appeal in state court may further impact prosecution of this proceeding. And it is not clear how long it will take to reach a resolution in the § 727 action. There are simply too many unknowns to warrant additional interruption of this case.

Debtor's opposition to the stay indicates his willingness to waive any potential economic benefit. Consequently, Plaintiff's argument of economy favors only itself and the court. Plaintiff initiated this action and therefore accepted the costs of prosecuting it. If the court declines to enter the stay, the costs of prosecuting this adversary do not increase. Rather, Plaintiff is simply deprived of any savings that result if Trustee is successful and this proceeding is moot. While the court has no desire to improvidently expend judicial resources, it recognizes that some situations warrant subjugation of judicial economy. Mr. Myers has had many rocks thrown at him and some have struck. Nonetheless, litigation should be a mean and not an end. All too frequently, the duration of litigation becomes the punishment. If Mr. Myers is to be sentenced to terms of litigation, then those terms should be served concurrently, not consecutively, lest we tend toward life sentences of litigation. Everyone has the right to move on at some time, even if it is under disadvantageous conditions.

Neither party identified a significant public interest that strongly favors one side or the other. However, in addition to Debtor's private interest in obtaining a fresh start, the Supreme Court also recognized a public interest in a fresh start for a bankrupt. In re Local Loan Co. v. Hunt, 292 U.S. 234 (1934). While the public interest is not determinative on these facts, the public interest consideration tends in favor of Debtor.

## **CONCLUSION**

As part of the inherent power a court has to control the matters before it, a court may, in its discretion, issue a stay to halt one proceeding in favor of another. The court must balance the interests of the parties to determine whether to issue a stay. In this case, the potential harm to Debtor outweighs the benefit of a stay. Debtor's discharge has already been delayed, thereby holding up his fresh start. It is unclear when the intervening litigation would conclude, or whether any benefit from a stay would become an actuality. Consequently, the court will not authorize a stay.

A separate order will be issued immediately.

#     #     #

**Service List:**

Peter R. Morrison
Squire Sanders
4900 Key Tower
127 Public Square
Cleveland, OH 44114

Richard K Stovall
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215